No. 22,114.

SAMUEL SEGELBAUM, *Appellee,* v. M. SCHANKER et al., *Appellants.*

### SYLLABUS BY THE COURT.

ACCOUNTING—*Partnership*—*Evidence.* In an action for an accounting between partners, it is held that testimony of the value of the partnership property at any time during the existence of the partnership was admissible.

Appeal from Wyandotte district court, division No. 3; WILLIAM H. McCAMISH, judge. Opinion filed November 8, 1919. Affirmed.

*E. Q. Stillwell,* of Kansas City, for the appellants; *Paul H. Ditzen,* of Kansas City, of counsel.

*A. J. Herrod,* and *H. S. Roberts,* both of Kansas City, for the appellee; *Stephen E. Lee,* of Kansas City, of counsel.

The opinion of the court was delivered by

PORTER, J.: The action was for an accounting between partners who conducted a small grocery business. The court's findings are, in brief, that the partnership was formed in March, 1916, and continued until April, 1917; that plaintiff put into the partnership $150; that the profits of the partnership amounted to $2 per day, and that plaintiff is entitled to $1 a day for 280 days and the money he put into the partnership, amounting in all to $430. On the hearing of a motion for a new trial the court reduced the amount to which the plaintiff

Segelbaum v. Schanker.

was entitled to $350 and rendered judgment against the defendant for that sum, together with the costs. The defendant brings the case here for review.

The first complaint is of the admission of testimony which it is said was incompetent and irrelevant. One of the controversies at the trial was over the value of the stock of goods, which it was shown varied at different times. Salesmen from wholesale houses and other witnesses familiar with the stock of merchandise in controversy, gave their opinion as to its value at the time when they saw it. It is insisted that because the testimony had reference to the value of the stock between November and December, 1916, which was neither the time when the partnership was formed nor the time when it ended, it was incompetent, and that a new trial should be ordered. If the evidence were held incompetent, it seems inconceivable that its admission could have prejudiced the defendant, especially in a trial by the court. But it was competent and relevant so far as it tended to disclose the extent of the business and the value of the stock at the time the partnership terminated.

Counsel is mistaken in his contention that because the trial court made very few findings of fact, it becomes the duty of this court "to consider and review the testimony and to render such a judgment as will be just and equitable." The evidence was entirely oral, and there was sufficient to sustain the findings. It would unduly lengthen the opinion to attempt to cite the cases which declare that this court will not weigh conflicting evidence.

The judgment is affirmed.